**At the Gamez Court**

**IN AND FOR THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Gabriel Gamez,<br><br>Plaintiff.<br><br>v.<br><br>GREP Southwest LLC, dba Greystar (fictitious entity),<br><br>Twelve 925 East Mansfield Owner III, LLC, dba Trillium (fictitious entity),<br><br>Bob Faith (private and professional capacity),<br><br>Casey Fairburn (private and professional capacity),<br><br>Nik O. Armitage (private and professional capacity),<br><br>JJ Thompson (private and professional capacity),<br><br>Ericka Reynolds (private and professional capacity),<br><br>Jessica A. Thompson (private and professional capacity),<br><br>Armitage & Thompson, PLLC (fictitious entity),<br><br>Michelle Ressa (private and professional capacity),<br><br>Marla L. Polin (private and professional capacity),<br><br>Julie McKay (private and professional capacity),<br><br>Timothy W. Fitzgerald (private and professional capacity),<br><br>Defendants. | No. 2:22-cv-00228-TOR<br><br>VERIFIED COMPLAINT<br><br>TRIAL BY JURY DEMANDED |

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
JAN 03 2023
SEAN F. McAVOY, CLERK
DEPUTY
SPOKANE, WASHINGTON

**COMPLAINT**

The Plaintiff, Gabriel Gamez ("Plaintiff"), jointly and severally sues Defendants Bob Faith, Casey Fairburn, GREP Southwest LLC and Twelve 925 East Mansfield Owner III, LLC (jointly referred herein as "Trillium"), Nik O. Armitage, JJ Thompson, Ericka Reynolds, Jessica A. Thompson, Armitage & Thompson, PLLC (jointly referred hereinafter as "A&T"), Marla L. Polin, Michelle Ressa, Julie McKay, and Timothy W. Fitzgerald (severally, "Defendants") for equitable relief with money damages in the amount of six hundred forty thousand United States

dollars ($640,000.00) for trespass by way of deprivation of rights under color of law, frauds and swindles, abuse of process, extortion, retaliatory eviction, violation of public policies, intentional infliction of emotional distress, and conspiracy, and with firsthand knowledge states in support:

## JURISDICTIONAL ALLEGATIONS

1. This is a suit is "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States". [Cf. 28 U.S. Code § 1343 (3)]
2. This case is to "recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." [cf. 28 U.S. Code § 1343 (4)]
3. Plaintiff has no minimum contacts with the State of Washington.
4. Defendants are Residents of the State of Washington and United States citizens pursuant to RCW 46.16A.140 and 15 U.S. Code § 4724(e)(1).
5. Defendants committed wrongful acts and omissions administering a Federal Act using federal funding for public housing.
6. Public housing in the United States is a creature of federal law.
7. The Housing Acts in question are funded by the federal government, governed by federal statutes and regulations, overseen by a federal cabinet level administrative agency.
8. Diversity of citizenship and federal questions exist.
9. This Federal District Court has jurisdiction.

## PARTIES

At all times relevant,

10. Plaintiff is a man with no minimum contacts nor substantial nexus with the state of Washington.
11. Defendant Marla L. Polin is a woman acting as judge for the State of Washington.

12. Defendant Julie McKay is a woman acting as judge for the State of Washington.

13. Defendant Michelle Ressa is a woman acting as court commissioner for the State of Washington.

14. Defendant Timothy W. Fitzgerald is a man acting as clerk for the State of Washington.

15. Defendant Nik O. Armitage is a man acting as attorney for the State of Washington, and cofounder of A&T.

16. Defendant JJ Thompson is a man acting as attorney for the State of Washington, and cofounder of A&T.

17. Defendant Ericka Reynolds is a woman acting as paralegal for the State of Washington, and employee of A&T.

18. Defendant Jessica A. Thompson is a woman acting as law clerk for the State of Washington, and employee of A&T.

19. Defendant Bob Faith is a man acting as CEO for GREP Southwest, LLC, an LLC licensed to do business in the State of Washington.

20. Defendant Casey Fairburn is a woman acting as Assistant Property Manager for Twelve 925 East Mansfield Owner III, LLC, an LLC licensed to do business in the State of Washington.

**GENERAL FACTUAL ALLEGATIONS**

21. At all times relevant, Plaintiff is in lawful pursuit of happiness.

22. At all times relevant, the record will reflect there is no contract or agreement, rental, lease, or otherwise, between Plaintiff and Trillium.

23. On September 22nd, 2022, a voicemail was left on Plaintiff's phone by an employee of Trillium, claiming that rent was due and if it wasn't paid by the end of the day, a fourteen day notice would be issued.

24. On September 23rd, Plaintiff was sent a notice from Trillium, wherein Trillium assumes the role of landlord, claims Plaintiff is a tenant "not in compliance with the terms of the lease agreement", and threatens to make Plaintiff homeless by way of eviction based on the lack of compliance.

25. On October 11th, Plaintiff filed a Petition for Temporary Injunction against Trillium in the United States District Court of Eastern Washington, Spokane Division.

26. Also on October 11th, Plaintiff sent a copy of the petition to Trillium's local office via USPS and email, and Bob Faith via USPS.

27. On October 14th, Plaintiff was sent a "Rent Repayment Plan" from Trillium, wherein Trillium doubles down on their unfounded claims that a landlord-tenant relationship exists, and has resulted in an accrued debt that is only payable with a source of income as defined in RCW 59.18.255.

28. On November 29th, Plaintiff was sent a 60 Day Notice to Vacate, attached hereto as Exhibit "A", wherein Casey Fairburn states that Plaintiff's alleged tenancy ends on January 23rd, 2023, and signs as Assistant Community Manager for Trillium Apartments and Greystar Property Management.

29. On December 14th, Plaintiff was given an unverified Complaint and Summons for an Unlawful Detainer case filed in the Superior Court of the State of Washington, wherein the only signatures provided are by and of Nik O. Armitage and Ericka Reynolds.

30. On December 30th, Plaintiff received an Order of Default, Writ of Restitution, and Judgement for the case filed in the Superior Court, the signatures provided being by and of Marla L. Polin, Nik O. Armitage, and Jessica A. Thompson.

31. Pursuant to Trillium's unauthorized attorney's unverified filings, Trillium is attempting to enforce the Residential Landlord-Tenant Act of 1973 ("RLTA"), RCW 59.18 et seq.

32. Pursuant to Engrossed Substitute Senate Bill No. 2226, as of 1973, Washington, through the RLTA, has adopted the Uniform Residential Landlord and Tenant Act ("URLTA"), which was "drafted by the National Conference Of Commissioners On Uniform State Laws and by it recommended for enactment in all the states at its annual conference meeting in its eighty-first year at San Francisco, California, August 4-11, 1972."

33. According to the Uniform Law Commission, also known as the National Conference of Commissioners on Uniform State Laws, "[t]he purpose of the [...] act was to [...] base all phases of the rental agreement on contract law."

34. Pursuant to an LII Wex definition, "[a] contract is an agreement between parties, creating mutual obligations that are enforceable by law. The basic elements required for the agreement to be a legally enforceable contract are: mutual assent, expressed by a valid offer and acceptance; adequate consideration; capacity; and legality."

35. The drafting process of the URLTA draws on the expertise of state-appointed commissioners, legal experts, and advisors and observers representing the views of other **legal organizations or interests that will be subject to the proposed laws.**

36. Pursuant to Section 1.201 of the URLTA, titled "SCOPE AND JURISDICTION", "this Act applies to, regulates, and determines rights, obligations, and remedies **under a rental agreement**, wherever made, for a dwelling unit located **within this state.**"

37. "In this state" or "**within this state**" includes all federal areas lying within the exterior boundaries of the state. See: RCW 82.04.200.

38. Pursuant to Section 1.301 of the URLTA:

(6) "**organization**" includes a corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership or association, 2 or more persons having a joint or common interest, and **any other legal or commercial entity**;

(8) "**person**" includes an individual or organization;

(14) **"tenant"** means a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others.

39. Based on the federal and state rules of construction, by those definitions, the URLTA is intended to apply to **government or public agencies acting as "landlords"** and a "tenant" includes one or more individuals acting as or on behalf of a legal or commercial entity within a federal area.

40. The record does not reflect that Plaintiff is a statutorily defined person under a rental agreement with Trillium.

41. Pursuant to the Department of Housing and Urban Development's Due Process Determination for the State of Washington, "[c]hapter 59.18 applies to public housing tenancies."

42. URLTA is an administrative codification of the **National Housing Act of 1934** (Capehart Act), ch. 847, 48 Stat. 847 (1937) (codified as amended at 12 U.S.C. §§ 1701 to 1750g and 42 U.S.C. §§ 1401 to 1440).

43. URLTA, therefore, also includes the **United States Housing Act of 1937** (act of Sept. 1, 1937, ch. 896, as revised generally by Pub. L. 93–383, title II, §201(a), Aug. 22, 1974, 88 Stat. 653, and amended, which is classified generally to chapter 8 (42 § 1437 et seq).

44. Pursuant to 42 USC 1437, it is the policy of the United States to "promote the general welfare of the Nation by employing the funds and credit of the Nation [...] to assist States and political subdivisions of States to remedy the **unsafe housing** conditions and [...] to address the **shortage of housing** affordable to low-income families; and [...] to vest in public housing agencies... program administration, with appropriate accountability".

45. The strategy determined in the Housing Acts was to administer a **federal housing program** that would be managed at a local level.

46. The Housing Act of 1937 declared that the federal government promised to commit federal dollars to alleviate housing pressures in the country.

47. Quoting from the 1937 Act: "It is hereby declared to be policy of the United States to promote the general welfare of the Nation by employing its funds and credit, as provided in this Act, to assist the several States and their political subdivisions... to remedy... the acute shortage of decent, safe, and sanitary dwellings for families... that are injurious to the health, safety, and morals of the citizens of the Nation." Id. Sec. 1, 50 Stat. at 888.

48. The Housing Acts are administered by a local agency, a Public Housing Authority (PHA), and usually state level courts guided by URLTA rules.

49. Pursuant to RCW 35.82.070, "[A housing] authority shall constitute a public body corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this chapter, including[...]: (15) To administer contracts for assistance payments to persons of low income in accordance with section 8 of the United States Housing Act of 1937, as amended by Title II, section 201 of the Housing and Community Development Act of 1974, P.L. 93-383."

50. Pursuant to a note under RCW 59.18.057, "the legislature intends with this act to make such modifications to ensure that tenants with limited to no resources maintain stable housing."

51. Pursuant to a note under RCW 59.18.085, "The purpose of this act is to establish a process by which displaced tenants would receive funds for relocation from landlords who fail to provide safe and sanitary housing after due notice of building code or health code violations."

52. Using the URLTA or RLTA to make a man and his family homeless would be an overt dereliction of the obligation of good faith imposed by RCW 59.18.020.

53. Pursuant to 42 USC 1441, "Congressional declaration of national housing policy", "the general welfare and security of the Nation and the health and living standards of its people require… governmental assistance… be utilized where feasible to enable private enterprise to serve more of the total need…"
54. Using the URLTA or RLTA to make a man and his family homeless would frustrate the purposes of the Housing Acts.
55. 42 USC 3531. "The Congress hereby declares that the general welfare and security of the Nation and the health and living standards of our people require… establishment of an executive department [Housing and Urban Development]… to provide for **full and appropriate consideration**… of the needs and interests of the Nation's communities and of the people who live and work in them."
56. 42 USC 11311. "There is established in the executive branch… known as the United States Interagency Council on Homelessness whose mission shall be to reduce and end homelessness in the nation while maximizing the effectiveness of the Federal Government in contributing to the **end of homelessness**."
57. Pursuant to 42 USC 1404a, the Secretary of Housing and Urban Development may sue with respect to its functions under the United States Housing Act of 1937.
58. The record does not reflect that Trillium nor A&T are designees of the Secretary of HUD to sue on its behalf.
59. The record does not reflect Trillium has a delegation of authority to administer the Housing Acts, URLTA, nor RLTA, and thereby lacks the necessary power to enforce or outsource to A&T to enforce them on its behalf.
60. The record does not reflect that Trillium is a government or public agency.
61. The record does not reflect that the subject property is public housing.
62. The record does not reflect that the subject property is for public use.

63. The record does not reflect that the subject property or Plaintiff is subject to the URLTA or any derivatives of it.

64. The record reflects Defendant's acts and omissions are in violation of the legislative intent and congressional declarations of title 42 USC § 1437, 3531, and 11311.

65. To allow Defendants to continue would deprive Plaintiff of federally protected rights, including the right to security, life, property, health, and welfare. (Cf. Fourth and Fifth Amendment of the United States Constitution and the Congressional purpose of the National Environmental Policy Act of 1969.)

**COUNTS**

**One: 18 U.S. Code § 1341 - Frauds and swindles** (Against Defendant Trillium)

66. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

67. On September 22nd, 2022, a voicemail was left on Plaintiff's phone by an employee of Trillium, claiming that rent was due and if it wasn't paid by the end of the day, a fourteen day notice would be given.

68. Trillium, and its employees, does or should know that a fourteen day notice is only due in matters regarding landlord-tenant relationships.

69. At all times relevant, no such relationship exists between Plaintiff and Trillium.

70. Trillium, by its unauthorized attorney's Complaint and exhibit A, admit to having knowledge, or at least proof, of the lack of an enforceable contract.

71. On September 23rd, Plaintiff sent an email to Trillium, inquiring if this voicemail was an attempt to enforce a contract.

72. Also on September 23rd, in lieu of any response to his inquiry, Plaintiff was sent a notice from Trillium via USPS, wherein Trillium threatens to make him homeless by way of eviction unless he pays Trillium one thousand, four hundred and ninety United States dollars ($1490).

73. On October 14th, Trillium sends Plaintiff a "Rent Repayment Plan" via USPS, wherein Trillium claims that further dues have accrued in the total of two thousand, four hundred eighty-three dollars, and 43/100 United States dollars ($2438.34), without payment of which will result in Plaintiff being removed from his home.
74. Trillium, knowingly without a contract to enforce against Plaintiff, has used the mail to destroy the legal integrity of the landlord-tenant relationship, and abuse the court and its processes, all in its attempts to use false pretenses in order to obtain money from Plaintiff.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

**Two: Abuse of Process** (Against all Defendants)

75. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
76. Trillium, by and through A&T, have instituted an Unlawful Detainer action, which allows for a landlord to seek relief from a tenant covered by RCW 59.18 et seq.
77. Trillium and A&T, on behalf of a non-landlord, with the assistance of Michelle Ressa, Marla L. Polin, Julie McKay, and Timothy W. Fitzgerald, instead, has used this proceeding to deprive Plaintiff, a non-tenant, of his right to safe and stable housing going against the legislative intent of the state and federal statutes on ending homelessness.
78. As a result, Plaintiff is gripped with panic, dread, and worry of himself and his family being made homeless.

WHEREFORE, Plaintiff moves this court to enter an order for permanent injunctive relief against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

**Three: Extortion** (Against all Defendants)

79. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
80. Plaintiff realleges and restates the foregoing Points 66 through 78.
81. Trillium, by and through A&T and the court overlooked by Marla L. Polin, Michelle Ressa, Julie McKay, and Timothy W. Fitzgerald, have used the process of an Unlawful Detainer Action to threaten and potentially permanently restrict Plaintiff's access to safe housing for their own pecuniary advantages.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

**Four: Retaliatory Eviction** (Against Defendants Trillium and A&T)

82. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
83. Plaintiff realleges and restates the foregoing Points 66 through 81.
84. On October 11th, Trillium, from CEO down to local branch, became aware of the suit filed against them.
85. On October 14th and November 29th, two more notices were sent from Trillium, clearly indicating that regardless of Plaintiff's injunction, they still intend on pursuing eviction.
86. On December 14th, only 64 days after Plaintiff filed, he received a copy of an unverified Complaint and Summons for a suit on the same merits but against him.
87. Trillium, instead of answering for their acts and omissions, has chosen instead to enlist A&T's assistance and retaliate against Plaintiff by making him homeless via eviction.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

**Five: Violation of Public Policies** (Against all Defendants)

88. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
89. Plaintiff realleges and restates the foregoing Points 66 through 87.
90. The policies and their purposes for existence established in 42 USC § 1437, 3531, 4321, and 11311, 59.18 et seq, and the National Housing Act of 1934, have all been violated by Trillium, by and through A&T, in the court conducted in papers signed off by Marla L. Polin, Michelle Ressa, Julie McKay, and Timothy W. Fitzgerald.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

**Six: Intentional Infliction of Emotional Distress** (Against all Defendants)

91. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
92. Plaintiff realleges and restates the foregoing Points 66 through 90.
93. Trillium, by and through A&T and the court overlooked by Marla L. Polin, Michelle Ressa, Julie McKay, and Timothy W. Fitzgerald, have used the process of an Unlawful Detainer Action to threaten and potentially permanently restrict Plaintiff's access to safe housing for their own pecuniary advantages.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

**Seven: 42 USC 1983**[1] (Against all Defendants)

94. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

---

[1] By the plain terms of § 1983, two – and only two – allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980)

95. Trillium, by and through Casey Fairburn, with the help of A&T, Michelle Ressa, Marla L. Polin, Julie McKay, and Timothy W. Fitzgerald, acted under Washington State's Residential Landlord Tenant Act, codified under RCW 59.18 et seq.
96. The acts taken by Defendants have deprived Plaintiff of his right to happiness, privacy, security, health, welfare, and harmony with his environment.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

**Eight: Conspiracy** (Against all Defendants)

97. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.
98. Trillium, pursuant to the notice given of the federal suit filed against them, knowingly conspired with A&T, to make Plaintiff homeless.
99. With the assistance of Michelle Ressa, Marla L. Polin, Julie McKay, and Timothy W. Fitzgerald, Trillium and A&T used the Washington State's Residential Landlord Tenant Act, codified under RCW 59.18 et seq., to abuse the court process in the execution of an extortive and retaliatory eviction against Plaintiff.
100. The acts taken by Defendants have deprived Plaintiff of his right to due process, happiness,, privacy, security, health, welfare, and harmony with his environment.

WHEREFORE, Plaintiff moves this court to enter an order for equitable relief with money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

WHEREFORE, Plaintiff moves this Court to enter judgment in his favor and against the individual Defendants, and award damages as follows:

A. Equitable relief in the form of a Permanent Injunction enjoining all Defendants;

B. Compensatory damages of six hundred forty thousand 00/100 United States dollars ($640,000.00);

C. Punitive damages as allowed by law;

D. Reasonable counsel fees, costs, and litigation expenses; and

E. Any other relief this Court deems just and appropriate.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1).]

Gabriel Gamez, Petitioner
On this third day of January, 2023 A.D.

# EXHIBIT "A"

# 60-DAY
# NOTICE TO TERMINATE TENANCY
# WITHOUT CAUSE PURSUANT TO RCW 59.18.650

**To: Gabriel Gamez**
**And all others occupying the property located at:**
**12930 E. Mansfield Ave., #HH102**
**Spokane Valley, WA 99216**

**Date: November 29, 2022**

YOU ARE HEREBY NOTIFIED that your tenancy of the premises is terminated on **January 31, 2023**, (last day of lease or last day of rental period following end of initial lease) and on that day you will be required to surrender possession of the premises to the Landlord.

If you do not surrender possession of these premises on or before the date set forth above, judicial proceedings will be instituted for your eviction.

Casey Fairburn, Assistant Community Manager 11/29/2022
Trillium Apartments / Greystar Property Management
12925 E. Mansfield Avenue
Spokane Valley, WA 99216
(509) 443-5852

***State law provides you the right to legal representation and the court may be able to appoint a lawyer to represent you without cost to you if you are a qualifying low-income renter. If you believe you are a qualifying low-income renter and would like an attorney appointed to represent you, please contact the Eviction Defense Screening Line at 855-657-8387 or apply online at http://nwjustice.org/apply-online. For additional resources, call 2-1-1 or Northwest Justice Project CLEAR Hotline outside King County (888) 201-1014 weekdays between 9:15 a.m. – 12:15 p.m., or (888) 387-7111 for seniors (age 60 and over). You may find additional information to help you at http://www.washingtonlawhelp.org. Free or low-cost mediation services to assist in nonpayment of rent disputes before any judicial proceedings occur are also available at dispute resolution centers throughout the state. You can find your nearest dispute resolution center at https://www.resolutionwa.org.***

***State law provides you the right to receive interpreter services at court.***

## CERTIFICATE OF SERVICE

I, Gabriel Gamez, certify that a copy of the foregoing was provided via regular mail or fax to the below listed persons on this third day of January, 2023 A.D.

GREP Southwest LLC, dba Greystar
% Bob Faith, CEO
711 Capitol Way S, Ste 204
Olympia, WA, 98501-1267

Twelve 925 East Mansfield Owner III, LLC, dba Trillium
% Casey Fairburn
12925 E Mansfield Ave
Spokane Valley, WA 99216

Armitage & Thompson, PLLC
% Nik O. Armitage,
JJ Thompson,
Ericka Reynolds,
Jessica A. Thompson
220 W. Main Avenue
Spokane, WA 99201
Fax: (509) 694-2262

Spokane County Superior Court
% Marla L. Poplin,
Julie McKay,
Michelle Ressa,
Timothy W. Fitzgerald
1116 W Broadway Avenue
Spokane, WA 99260