UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GABRIEL GAMEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>GREP SOUTHWEST, LLC, dba GREYSTAR,<br><br>                Defendant. | NO. 2:22-CV-0228-TOR<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

BEFORE THE COURT is the Court's Order to Comply with Filing Fee Requirements. ECF No. 5. Also before the Court is Plaintiff's Motion to Show Authority and Motion for Temporary Restraining Order. ECF Nos. 8, 10. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, this action is dismissed without prejudice.

On October 11, 2022, Plaintiff filed a *pro se* petition for temporary injunction along with an insufficient application to proceed *in forma pauperis*. ECF Nos. 1, 2. Plaintiff was advised of the deficiencies concerning his application

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

and was ordered to file a properly completed application or pay the filing fee within 30 days. ECF No. 5. Plaintiff has not complied.

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may proceed without the immediate payment of a filing fee only upon granting of *in forma pauperis* status. *See* 28 U.S.C. § 1915. Failure to pay the statutory filing fee will result in dismissal of these actions without prejudice. *See In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).

Plaintiff's pleadings have not shown that this Court has jurisdiction to proceed. Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

1    "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

The Court finds that Plaintiff has failed to state facts establishing federal jurisdiction which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Moreover, Plaintiff has failed to show service on the Defendant nor explained why service was not accomplished.

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's Complaint **to establish federal jurisdiction**. Therefore, the Court dismisses Plaintiff's Complaint without prejudice to refiling in state court.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This action is **DISMISSED without prejudice** for failing to pay the filing fee or filing a properly completed Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

2. Plaintiff's Motion to Show Authority and Motion for Temporary Restraining Order, ECF Nos. 8, 10, are **DENIED as moot.**

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

1    The District Court Executive is directed to enter this Order and Judgment

2 accordingly, forward copies to Plaintiff, and **CLOSE** the file.

3    DATED January 4, 2023.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 5